# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-5,<br><br>        Plaintiff,<br><br>   v.<br><br>DAVID KIELY, an individual; CYNTHIA KIELY, an individual; and DOES 1 through 50, inclusive,<br><br>        Defendants. | 1:12-cv-01561 AWI GSA<br><br>**ORDER REGARDING NOTICE OF REMOVAL BY DEFENDANT CYNTHIA KIELY**<br><br>**ORDER REMANDING TO STATE COURT** |

On September 24, 2012, Defendant Cynthia Kiely ("Defendant")[1] filed a Notice of Removal with this Court, seeking to remove an action from the Mariposa County Superior Court entitled *The Bank of New York Mellon v. David Kiely, et al.*, case number 2664.  (Doc. 1.)

Pursuant to Title 28 of the United States Code section 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction.  28 U.S.C. § 1441(a);

---

[1] Although David Kiely and Cynthia Kiely are named as Defendants in the state court action, only Cynthia Kiely has signed and filed the Notice of Removal in this Court, and only Cynthia Kiely paid the required filing fee of $350 in this Court.

*Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty (30) days of receiving a copy of the initial pleading.  28 U.S.C. § 1446(b).  The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

**Timeliness**

Title 28 of the United States Code section 1446 provides, in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed with the court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ..

Here, Defendant's removal notice includes a copy of the summons and a partial[2] copy of the complaint for unlawful detainer filed in Mariposa County Superior Court, as well as a copy of a proposed order granting relief from stay and the court's minutes dated June 27, 2012, in Defendant's bankruptcy proceeding pending before the United States Bankruptcy Court for the Eastern District of California.  (Doc. 1 at 8-20.)  Notably absent from Defendant's notice of

---

[2] The complaint appears to be incomplete for the complaint itself references "Exhibit 2" in paragraph seven, yet only Exhibit 1 was provided.  Exhibit 1 is the trustee's deed upon sale document.  Exhibit 2 was to be a copy of the three day written notice to quit.  (*See* Doc. 1 at 8-16.)

2

removal however is any reference to any alleged date of service of process of the summons and complaint. (Doc. 1 at 1-7.) Nonetheless, the complaint for unlawful detainer was filed with the Mariposa County Superior Court on May 15, 2012, approximately 132 days prior to Defendant having filed the notice of removal with this Court. Thus, it appears to be untimely. 28 U.S.C. § 1446(b). While Defendant's pleading does state that the notice is "timely . . . because it is filed within 30 days of discovering that the case was ripe for removal" (Doc. 1 at 5), there is no indication that the initial pleading - the complaint - did not provide Defendant with notice of the potential for removal. Moreover, even were the initial pleading to be construed as not providing such notice, Defendant has not identified any subsequent and later "amended pleading, motion, order or other paper" that provided notice so as to render her notice here timely. *See* 28 U.S.C. § 1446(b).

Nevertheless, although removal appears *untimely*, the Court will turn to address the issue of jurisdiction.

### *Jurisdiction*

Defendant is attempting remove an unlawful detainer action based on federal question subject matter jurisdiction. (Doc. 1 at 1-7.) However, Defendant cannot establish jurisdiction that is proper.

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions. *Kokkonen*, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court *sua sponte*. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its

jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

Furthermore, the law is clear in the Ninth Circuit that the removal statute should be strictly construed in favor of remand and against removal. *Harris v. Bankers Life and Cas. Co*, 425 F.3d 689, 698 (9th Cir. 2005). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

In this case, Defendant is unable to establish subject matter jurisdiction before this Court because the complaint filed in the state court contains a single cause of action for unlawful detainer, based on California Code of Civil Procedure section 1161a. (Doc. 1 at 8-16.) Unlawful detainer actions are strictly within the province of state court. A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed. *See McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal). Therefore, Defendant's references to "the 'Protecting Tenants at Foreclosure Act 2009 [hereafter "PTFA"],'" as establishing federal question jurisdiction in this matter are not persuasive.

More particularly, Defendant suggests the PTFA is "not a defense" but is instead "the entire basis for the action . . .." (Doc. 1 at 4.) Defendant is mistaken - the PTFA is not a substitute for an unlawful detainer action. *See California Equity Management Group, Inc. v. Hammer*, No. 1:12-cv-01204-AWI-BAM, 2012 WL 3069954, at *2 (E.D. Cal. July 26, 2012); *Wells Fargo Bank v. Hines*, No. 2:12-cv-1683-MCE-EFB PS, 2012 WL 2467024, at *2 (E.D. Cal. June 27, 2012); *Bank of New York Mellon v. Kirby*, No. 1:12-cv-00898-AWI-BAM, 2012 WL 2050423, at *2 (E.D. Cal. June 6, 2012); *Federal Nat. Mortg. Ass'n. v. Detmer*, No. 1:12-

4

cv-00550-AWI-SKO, 2012 WL 1435018, at *3 (E.D. Cal. Apr. 25, 2012).  And, a "defendant[']s assertions of the 'Protecting Tenants at Foreclosure Act' are best characterized as defenses or potential counterclaims; neither of which are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint." *See First Northern Bank of Dixon v. Hatanaka*, No. 2:11-cv-02976- MCE-KJN, 2011 WL 6328713, at * 4 (E.D. Cal. Dec.16, 2011).  "[F]ederal district courts have held that a defense based on the Protecting Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction." *Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011) (internal citations omitted); *see also Aurora Loan Servs., LLC v. Martinez*, No. C10-01260 HRL, 2010 WL 1266887, at * 1 (N.D. Cal. Mar. 29, 2010).

In determining the presence or absence of federal jurisdiction in removal cases, the "'well-pleaded complaint rule,' applies which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plainly here, Plaintiff The Bank of New York Mellon's complaint raises only a state law claim. (*See* Doc. 1 at 8-16.)  Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997-98 (9th Cir. 2007); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law").  Hence, Defendant's contentions that Plaintiff's complaint is actually "misnomered" as an unlawful detainer action because it is "based upon the PTFA" (*see* Doc. 1 at 2-3) is without merit.

5

**CONCLUSION AND ORDER**

Based on the above, this action is REMANDED *sua sponte* to the Mariposa County Superior Court of California for all future proceedings. Accordingly, the Clerk of the Court is directed to serve a copy of this order on the Mariposa County Superior Court and to close this case.

IT IS SO ORDERED.

Dated:   September 27, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE